IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

DONALD R. BAILES,

    Plaintiff,

V.                                        CIVIL ACTION NO. 3:06-0281

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM ORDER**

Presently pending before the Court is defendant's motion to dismiss the complaint as not timely filed. Defendant brings his motion under the provisions of 42 U.S.C. § 405(g) which provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

In support of his motion, the Commissioner has submitted the Declaration of Paul Halse, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration. Mr. Halse states that the hearing decision in this case was issued July 28, 2005. Plaintiff requested review, and the Appeals Council denied that request on October 11, 2005. Copies of this Notice were sent to plaintiff and his representative. The civil action was not commenced until April 14, 2006, well past the sixty-day period provided in the statute.

In response to defendant's motion, it is pointed out that plaintiff's former attorney did not proceed with filing the civil action in a timely manner as she had represented to plaintiff that she would. Since contacting counsel upon receiving the Appeals Council's denial, plaintiff says he has not been able to reach her by phone or by visiting her office. She did file the civil action herein on April 14, 2006, and upon advice of a former employee in this attorney's office, plaintiff has secured new representation. The Commissioner has made no reply to plaintiff's response.

The regulations at 20 C.F.R. §§ 422.210(a) and (c) provide that a civil action to obtain judicial review of the Commissioner's decision must be commenced within sixty days[1] after the Appeals Council's notice of its denial of a request for review or of its own decision. The notice is deemed to be received five days after mailing.[2] This time may be extended by the Appeals Council upon a showing of good cause.[3]

The doctrine of equitable tolling, which plaintiff seeks to invoke here, may be applied in the context of Social Security litigation, litigation under a statute "that Congress designed to be 'unusually protective' of claimants." Bowen v. City of New York, 476 U.S. 467, 480 (1986). Moreover, while attorney negligence, including miscalculation of the time for filing an action, is generally not considered a basis warranting the application of equitable tolling,[4] in Baldayaque v. United States, 338 F.2d 145, 152 (2nd Cir. 2003), the court recognized that in some circumstances

---

[1] Id. at § 422.210(c).

[2] Id.

[3] Id.

[4] See, Hess v. Astrue, No. CV 08-131-TUC-FRZ, slip op. at 5 (D. Ariz. August 14, 2009).

an attorney's actions were "far enough outside the range of behavior that reasonably could be expected by a claimant that they may be considered 'extraordinary.'"[5]

In the present case, it is apparent that plaintiff was diligent in contacting his attorney when he received notice of the Appeals Council's action, and he relied on the attorney's representation that the civil action would be filed in a timely manner. Plaintiff reasonably believed his attorney was aware of the time limitations, and he trusted her assurances that she would follow through with her action. Plaintiff also reasonably believed the civil action had been filed and was apparently unaware of any personal problems his attorney may have been having until a chance meeting between plaintiff's wife and the former employee of the attorney. Counsel's action were clearly "far ... outside" what would be acceptable, the doctrine of equitable tolling is applicable, plaintiff's suit will be deemed timely filed, the Commissioner's motion to dismiss will be denied, and it is so **ORDERED**.

The Commissioner shall, accordingly, file an answer and transcript within sixty days of the date of this Order.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

ENTER: December 17, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5] See also, Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003) (counsel's actions in failing to prepare and file a petition, despite his promise to do so and numerous contacts by the client and his mother, were sufficiently egregious to warrant equitable tolling).